BALTIMORE COUNTY, MARYLAND *v.* BARRETT F. SMITH, JR. AND FRANCES M. SMITH, T/A BOYD CONSTRUCTION

[No. 268, September Term, 1980.]

*Decided November 13, 1980.*

The cause was argued before LOWE, MELVIN and LISS, JJ.

*Stanley J. Schapiro, Assistant County Solicitor for Baltimore County,* with whom was *Leonard S. Jacobson, County Solicitor for Baltimore County,* on the brief, for appellant.

*Stephen J. Nolan,* with whom were *James D. Nolan* and *Nolan, Plumhoff & Williams* on the brief, for appellees.

LOWE, J., delivered the opinion of the Court.

When a building permit is applied for in Baltimore County, § 22-17 of the Baltimore County Code [1] establishes a procedure whereby the county planning board may stay any improvement upon the property for as long as 18 months. When the application is made for such permit, within 15 days the director of planning shall report to the planning board any conflict with the county's master plan. The board then may promptly refer the question to the agency most affected by the proposed improvement, which agency must report back within 30 days whether, in the public interest, the land involved in the application should be "reserved" and include an estimate of time (not to exceed 14 months) required to complete acquisition of the land.

If the planning board agrees at its next meeting, it may declare the public reservation,

"... the period of which shall in no event exceed eighteen months from the date of the original application for a building permit ...." § 22-17 (c).

If at the end of the reservation period, the reserved land is not acquired for public use, or if condemnation proceedings have not been commenced, "the reservation shall be void" and the board shall record a release within 15 days. § 22-17 (g).

Because no building or other structure shall be erected on the land so reserved during the reservation period proclaimed, in order to avoid the unconstitutionality of an uncompensated taking (see *Md.-Nat'l Cap. P. & P. Comm'n v. Chadwick,* 286 Md. 1 (1979)), taxes, etc., are waived, § 22-17 (f), and the property owner and applicant shall be entitled to bring a cause of action for "actual damages sustained ... by reason of the public reservation ...." § 22-17 (h).

To determine such damages (as well as attorney's fees and expert witness fees), the ordinance creates a new cause of action; however, such cause of action is predicated upon

---

1. Baltimore County Code, 1968, § 22-17, in effect at the pertinent times in this case, is now codified in Baltimore County Code, 1978, § 22-18.

there having been no condemnation proceedings or acquisition before the expiration of the reservation period.

"If at the end of the reservation period, the land so reserved is not acquired for public use or if condemnation proceedings have not been instituted in the appropriate court, any person aggrieved shall have a right of action at law against the county for actual damages sustained by him by reason of the public reservation together with reasonable attorney's fees and expert witness fees as may be approved by the court." § 22-17 (h).

The parties to this case, Baltimore County, Maryland, appellant, and Barrett F. Smith, Jr. and Frances M. Smith, his wife, trading as Boyd Construction, appellees, have agreed to a statement of facts which we have condensed to a short, pertinent, chronological recitation.

1.  On January 6, 1976,[2] plaintiff filed for four building permits. A "hold" was placed upon them by the county the following month.

2.  Although two permits were subsequently obtained, the "hold" remained in effect on the other two applications until March 24, 1977, *14 months* after the application.

3.  The Agreed Statement of Facts then recites that:

"The Appellants, *by a Resolution dated March 24, 1977, of the Baltimore County Planning Board, declared a public reservation* of the land covered by the denied Building Permit Applications No. 76818 and 76819, pursuant to Section 22-17, entitled *Effect of Proposals in Master Plan on Applications for Building Permits or for Approval of Preliminary Subdivision Plans, Baltimore*

---

**2.** The Agreed Statement of Facts as recited by both parties gives the year as 1979. That is obviously incorrect and we find from the Declaration that the year was 1976, although that document declares a different day.

*County Code* (1968) [now recodified as Baltimore County Code, 1978, Section 22-18]. Pursuant to that Code provision, *the eighteen (18) month reservation period commenced on January 6, 1976, the date Appellees submitted their permit applications. Since the property was neither acquired nor were condemnation proceedings instituted during the eighteen-month reservation period mandated by Section 22-17, the Planning Board declared the reservation to be void by a Resolution dated November 17, 1977."* (Emphasis partially added).

4. On June 15, 1978, appellees again filed for building permits having been unable to obtain them despite the terminated reservation.

5. Condemnation proceedings were brought on July 18, 1978, but the result of that proceeding is not a part of the record.

The issues raised deal with the damages allowed by the Circuit Court for Baltimore County as the result of a proceeding brought pursuant to § 22-17 (h) on August 25, 1977. For reasons unexplained — even after inquiry — the condemnation proceeding and the statutory proceeding were not consolidated.

Based upon the profits made upon sale of the two houses built (when two of the applications were issued from the four first sought), the trial judge found that the "actual damages sustained by . . . reason of the public reservation" on the two reserved building sites were commensurate with profits made in the development of the adjacent sites, and added attorney's fees which he almost halved from those submitted by appellees' counsel. Appellant is concerned over the court's computation of lost profits as an element of damages, and we add parenthetically, with some justification.[3]

---

**3.** It is difficult to see how a temporary reservation can be construed as the cause of a permanent deprivation of improvement or development potential or profits therefrom. That loss was occasioned by the condemnation, if at all, not by the temporary reservation.

Appellees filed a cross appeal which complained not only that the court arbitrarily established an attorney's fee unsupported by, and contrary to, the evidence, but also that it improperly reduced the "lost profits" by the value of the land then under condemnation as testified to by appellant. While there appears to be merit in these contentions as well, we find more substantial error in the trial apparently caused by misstatement of the "facts" agreed upon by the parties. Even if that agreed statement as set forth in both briefs were an attempted compliance with Md. Rule 1026 e ("*Statement of Case in Lieu of Pleadings and Evidence*"), we are not bound by a recitation of facts that is contrary to, and unsupported in, the record.

As we have noted by added emphasis, the "Agreed Statement of Facts" recited that the reservation period was for 18 months beginning January 6, 1976, and that absent condemnation within the next succeeding 18 months, the planning board declared the reservation to be void by a resolution dated November 17, 1977. Not only was such false recitation misleading to the court below, it was repeated as fact upon appeal and justified upon inquiry as a *nunc pro tunc* act by the board. We find nothing in the record indicating either such intent by the board or authority if such had been its inclination.

The resolution of reservation was dated March 24, 1977, and it declared a public reservation upon the property in question

"from this date until July 6, 1977."

That is a period of 3 months and 12 days, not 18 months as recited and as assumed by the trial judge in determining damages.

While the briefs skirted the issue, upon inquiry at argument counsel for both parties sought to indicate that the resolution was retroactive to the January 1976 "hold" date. Even if the planning board were authorized to issue a *nunc pro tunc* reservation — which is gravely doubtful — the resolution does not indicate any such intention by the board,

nor is there any extraneous evidence from which that intent may be inferred. This seems to have been a silent agreement between the parties either undiscovered or acquiesced to by the trial court — neither of which could sanction that which is not even factually inferable from the evidence.[4]

Courts do not decide cases on what parties would *like* the facts to be. The facts must accord with the evidence, at least inferentially and the court must decide the issue as such factfinder. The statutory cause of action brought by appellant limited any recovery by him to the reserved period, and there is nothing in the evidence relating to such period other than the resolution of the board establishing it from March 24, 1977 until July 6, 1977.[5]

We will reverse the judgment of the Circuit Court for Baltimore County and remand this case for a new trial. Because this cause of action seeks damages under the ordinance for the reserved period only, we will not address what cause of action or right of recovery appellant may have or have had regarding that which was condemned, or regarding those periods of deprived use before the reservation, and after reservation but prior to condemnation.

> *Judgment reversed.*
> *Case remanded for retrial.*
> *Costs to be divided equally between*
> *the parties.*

---

4. Apparently appellees were willing to proceed under a statutorily sanctioned cause of action rather than becoming involved in a constitutional deprivation case; and obviously the County was anxious to clean its own skirts in light of its unauthorized refusal to issue the permits or to proceed statutorily to reserve the property for a period of nearly 15 months.

5. The apparent reason the termination date of July 6, 1977 was placed in the resolution arises from the fact that the ordinance limits the right to reserve to an 18-month period "from the date of the original application for a building permit . . . ." § 22-17 (c). Since the application was first made on January 6, 1976, the 18 months expired on July 6, 1977.