## SUPERVISOR OF ASSESSMENTS OF WICOMICO COUNTY *v.* VESTRY OF SALISBURY PARISH CORPORATION

[No. 644, September Term, 1980.]

*Decided March 5, 1981.*

The cause was argued before THOMPSON and LOWE, JJ., and CHARLES E. ORTH, JR., Associate Judge of the Court of Appeals (retired), specially assigned.

*Peter W. Taliaferro, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellant.

No brief or appearance by appellee.

THOMPSON, J., delivered the opinion of the Court.

The Supervisor of Assessments of Wicomico County, the appellant, appeals from an order of the Circuit Court for Wicomico County which affirmed, without an opinion, an order of the Maryland Tax Court holding that certain real property, hereinafter described, owned by the Vestry of Salisbury Parish Corporation, the appellee, was exempt from taxation. The order of the Tax Court in turn affirmed the decision of the Property Tax Assessment Appeal Board for Wicomico County which held that the subject property was exempt from taxation under Md. Ann. Code Art. 81, § 9 (d), which provided that the following were exempt:

> "Property owned by persons or religious groups and actually used exclusively for the burial of dead persons, and property owned by a cemetery or mausoleum company and used for the burial of dead persons which company is not operated for pecuniary profit and which does not accumulate profits for any purpose other than the maintenance or improvement of the property." [1]

Under Art. 81, § 229 (o), the "circuit court . . . shall affirm the Tax Court order if it is not erroneous as a matter of law and if it is supported by substantial evidence appearing in

---

[1] *See,* Art. 81, § 12F-9 which now provides as follows:

"The local governing body, by ordinance or resolution, may grant a credit against local real property taxation for any improvement located on the site of property that is exempt under subsection (d) of § 9 of this article, if the improvement is used as a dwelling by an employee of the owner of the exempt property."

the record." *See, Comptroller v. Diebold, Inc.,* 279 Md. 401, 407, 369 A.2d 77 (1977); *Comptroller v. Machiz,* 42 Md. App. 218, 225, 399 A.2d 946 (1979).

The relevant facts are those presented at the hearing before the Tax Court. *See,* Md. Ann. Code Art. 81, § 229 (o). Although the appellee was advised prior to the hearing that the Tax Court, in making its decision, would consider only the evidence presented before it and that, if the appellee did not appear, all the evidence favorable to the appellee might not find its way into the record, the appellee chose not to appear at the hearing. As a result, the only evidence presented was that submitted by the appellant; that evidence showed that the subject property was a parcel of land of approximately 1 acre, improved by a two story house, which was located contiguously to a cemetery owned by the appellee and which was used as the residence of the cemetery caretaker. There was no evidence that any burial had occurred on the subject property or that any was contemplated. There was no evidence in the record which showed the subject property was used in any way as a part of the cemetery.

We see no evidence which would allow the Tax Court to find the subject property was used "for the burial of dead persons." The evidence showed only that the subject property was located next to the cemetery and was the residence of the cemetery caretaker. It was insufficient for the Tax Court to reasonably conclude that the property was within the exemption, which must be strictly construed. Md. Ann. Code Art. 81, § 9 (a). We find that the court erred in affirming the Tax Court decision.

The appellant's brief contains the following:

> "It is conceded that the functions of the caretaker are to maintain the cemetery grounds, to guard the cemetery against vandals, and to help people locate gravesites. A garage on the subject property is used to store lawn mowers and other maintenance equipment."

This concession in no way alters our decision. Had the facts now conceded by the appellant been stipulated to or introduced into evidence before the Tax Court, we would view the question before us as being closer.[2] These facts, however, were not before the Tax Court, formed no part of the record, and have no bearing on the question of whether the Circuit Court for Wicomico County erred in affirming the order of the Tax Court. We decline to accept the stipulation because it was not before the Tax Court. *Cf., Peddicord v. Franklin,* 270 Md. 164, 175, 310 A.2d 561 (1973) ("[T]rial court, *on its own motion,* may decline to accept a stipulation when it finds that a fact set up in the stipulation is untrue."); *Baltimore County v. Smith,* 47 Md. App. 237, 422 A.2d 73, 75 (1980) (On appeal stipulations of fact rejected where independent examination revealed them to be unsupported in record). *See also, Anderson v. State,* 282 Md. 701, 703 n.1, 387 A.2d 281 (1978).

> *Judgment reversed.*
> *Appellee to pay the costs.*

---

2. We do not indicate what our decision would have been had these facts been part of the record before the Tax Court. Although these facts were alleged in the Tax Court, they were neither proven nor admitted.